12649

BURGESS v. PURDY

(148 S. E., 48)

*Mr. J. J. Cantey,* for appellant,

· *Messrs. Lee & Moise, Epps & Levy,* and *Harby, Nash & Hodges,* for respondent.

May 2, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The complaint in this action alleges in its first paragraph that at the time referred to S. Oliver O'Bryan and the defendant, R. O. Purdy, were practicing law as partners at Manning, S. C. In the second paragraph it is alleged that the plaintiff paid to this partnership the sum of $3,591 for the purpose of having them pay off and satisfy a real estate mortgage outstanding on lands of defendant which had been transferred to a third party, and that S. Oliver O'Bryan embezzled the amount of money in question and appropriated the same to his own use.

On motion of the defendant the trial Judge struck from the complaint the fourth paragraph thereof, which read as follows:

"Fourth. That at the time the plaintiff employed and intrusted his money as aforesaid to the defendant and S. Oliver O'Bryan as active and duly licensed attorneys at law as aforesaid, the said S. Oliver O'Bryan was a young man and recently admitted to the practice of law and hence without experience, and the plaintiff therefore employed and intrusted his money as aforesaid to the defendant and S. Oliver O'Bryan solely because the defendant was an ex-Judge of South Carolina, an attorney of extensive experience and en-

joyed the confidence of the public and the plaintiff as an attorney at law of great probity, experience and learning; that the defendant in holding himself out as copartner in the practice of law with S. Oliver O'Bryan put it in the power of S. Oliver O'Bryan to occasion the loss to the plaintiff, and hence the defendant should suffer from the fault of the said S. Oliver O'Bryan, upon the principle that where one or two innocent parties must suffer from the fault of a third he shall sustain the loss who put it in the power of the third to occasion it."

### Statement of Issue

The grounds of the motion to strike out were that the allegations of the fourth paragraph of the complaint were irrelevant to any cause of action alleged in the remaining portions thereof, and did not of themselves constitute any legal cause of action against the defendant. Consequently, the issues now presented are:

I. Were the allegations of the fourth paragraph relevant to the cause of action alleged in the complaint?

II. Were the allegations of the fourth paragraph sufficient to constitute a separate cause of action?

The allegations in paragraph 4 of the complaint were irrelevant and immaterial and the allegations stricken out were not sufficient to set up a cause of action. The exceptions are without merit and are overruled, and judgment affirmed.

Messrs. Justices Cothran, Blease, Stabler and Carter concur.